PATTERSON BELKNAP WEBB & TYLER LLP
John D. Winter (JW 3252)
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: (212) 336-2000
Attorneys for Defendants
DePuy Orthopaedics, Inc.
and Johnson & Johnson Services, Inc.



11 CIV 1399

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SUSAN FITZGERALD and DANIEL
FITZGERALD,

                Plaintiffs,

       - against -

DEPUY ORTHOPAEDICS, INC., and
JOHNSON & JOHNSON SERVICES, INC.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

11 CIV.

**NOTICE OF REMOVAL**

      PLEASE TAKE NOTICE that, without submitting to the jurisdiction of this Court

and without waiving any available defenses, including, without limitation, lack of jurisdiction,

improper venue, or insufficient service of process, Defendants DePuy Orthopaedics, Inc.

("DePuy"), and Johnson & Johnson Services, Inc., by and through their undersigned attorneys

and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, file this Notice of Removal of this action

from the Supreme Court of the State of New York, County of New York, where it is currently

pending, to this Court and respectfully states as follows:

## INTRODUCTION

1.      Plaintiffs Susan Fitzgerald and Daniel Fitzgerald ("Plaintiffs") commenced this action on or about December 30, 2010, by filing a Complaint in the Supreme Court of the State of New York, County of New York against DePuy Orthopaedics, Inc. and Johnson & Johnson Services, Inc.[1]  The state court action is Index No. 116780/2010.  Copies of all pleadings, processes, and orders in the state court are attached hereto as Exhibit A.  The Complaint alleges that Plaintiff Susan Fitzgerald sustained injuries after two DePuy ASR™ XL Acetabular Systems ("ASR™ Hip Systems") were implanted into her right and left hip areas on or about March 27, 2007.  (Complaint, ¶¶ 15, 30, included in Exhibit A.)  Plaintiffs further allege that on or about December 24, 2007, Plaintiff underwent surgery to revise her right total hip, and on or about January 22, 2008, Plaintiff underwent surgery to revise her left total hip.  (*Id.*, ¶¶ 21, 24.)  Plaintiffs further allege that on November 8, 2010, Plaintiff became aware that DePuy had issued a nationwide recall for all of its Hip Systems.  (*Id.*, ¶ 25.)  Plaintiffs further allege, among other things, that DePuy fraudulently concealed information about the Hip System, defectively designed the Hip System, negligently failed to warn consumers of the dangers of the Hip System, and breached consumer warranties by marketing the Hip System.  (*Id.*, ¶¶ 29, 35, 41, 46.)  Plaintiff David Fitzgerald, the husband of Susan Fitzgerald, alleges that he was deprived of the

---

[1]This Court lacks personal jurisdiction over defendant Johnson & Johnson Services, Inc.  Johnson & Johnson Services, Inc. is not a proper party to this litigation and appears specially herein with full reservation of all rights and defenses, including its defense of lack of personal jurisdiction.  Removing defendants intend to file a motion to stay this action pending the transfer and docketing of this case to MDL No. 2197 – In re: DePuy Orthopaedics, Inc. ASR Hip Implant Litigation.  As will be explained, removing defendants are named in hundreds of other ASR™ Hip Implant cases pending in MDL 2197, or en route to MDL 2197 via the tag-along procedures of the Judicial Panel on Multidistrict Litigation ("JPML").  Removing defendants will therefore request that this Court stay all proceedings in this case pending its transfer to, and docketing in, MDL No. 2197 as it would be a more efficient use of judicial and party time and resources to allow the MDL court to rule on the overlapping jurisdictional defenses of these defendants arising in numerous cases.  This, in turn, reduces the risk that district courts will make these types of determinations piecemeal, which would only increase the likelihood of inconsistent rulings.

services of his wife as a result of her injuries caused by the Hip System. (*Id.*, ¶ 51.)  Defendants deny Plaintiffs' allegations.

2.      On August 24, 2010, DePuy Orthopaedics, Inc. initiated a voluntary recall of the ASR™ XL Acetabular System.  Within days, lawsuits were filed and on August 31, 2010, plaintiff in the lawsuit entitled *Brigham v. DePuy Orthopaedics, Inc., et al.* (N.D. Cal., Case No. 3:10-cv-03886-EMC) filed a motion for the creation of an MDL which DePuy did not oppose. On December 3, 2010, the Judicial Panel on Multidistrict Litigation entered an order establishing MDL No. 2197, *In re: DePuy Orthopaedics Inc.,* ASR Hip Implant Products Liability Litigation, 2010 WL 4940348 at *1 (J.P.M.L. 2010) before Judge David A. Katz of the United States District Court for the Northern District of Ohio.  More than 300 actions have now been transferred to the MDL court.  Removing defendants intend to seek the transfer of this action to that proceeding, and will shortly provide the JPML with notice of this action pursuant to the "tag-along" procedure contained in the JPML Rules.

## GROUNDS FOR REMOVAL

3.      This action may be removed under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1).  There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.      There is Complete Diversity of Citizenship between the Parties**

4.      Upon information and belief, at the time Plaintiffs commenced this civil action, and at all times since, Plaintiffs were and are residents and citizens of New York. (Complaint, ¶ 11.)

5.      At the time Plaintiffs commenced this civil action, and at all times since, DePuy Orthopaedics, Inc. was and is a corporation organized and existing under the laws of the

State of Indiana, with its principal place of business located in the State of Indiana and therefore is a citizen of the State of Indiana for purposes of complete diversity. (*Id.*, ¶ 1.) Though Defendant DePuy Orthopaedics, Inc. has engaged an agent in New York to accept Service of Process, it remains a foreign corporation for purposes of complete diversity. *See* N.Y. CPLR § 105(h); 28 U.S.C. § 1332 (c)(1).

6.    At the time Plaintiffs commenced this civil action, and at all times since, Johnson & Johnson Services, Inc. was and is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business located in the State of New Jersey. *See* Complaint, ¶ 5; 28 U.S.C. § 1332 (c)(1).

7.    Accordingly, this action involves "citizens of different States." 28 U.S.C. § 1332(a)(1). Plaintiffs are New York citizens and Defendants are citizens of states other than New York. Because no defendant properly joined and served is a citizen of the State of New York, removal of this action is proper under 28 U.S.C. § 1441(b).

**B.    The Amount-In-Controversy Requirement is Satisfied**

8.    The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiffs' complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

9.    A removing defendant need only show "a '*reasonable probability*' that the claim is in excess of the statutory jurisdictional amount" of $75,000. *United Food & Comm'l Workers Union v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 298, 304-05 (2d Cir. 2004) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 2004)) (emphasis added). In determining the amount in controversy, a district court should first review

the allegations in the complaint. *See Samuels v. Elrac, Inc.*, 2006 WL 2862337 at *1 (E.D.N.Y. Oct. 5, 2006) (*citing Davenport v. Procter & Gamble*, 241 F.2d 511, 514 (2d Cir. 1957)).

10.     Plaintiff Susan Fitzgerald alleges Defendants are liable for damages arising from the "grievous and permanent personal injuries, aggravation, exacerbation and worsening of pre-existing conditions, pain, suffering and loss of enjoyment of life" she suffered after she was implanted with two ASR™ Hip Systems manufactured and/or distributed by the Defendants in March 2007. (Complaint, ¶¶ 15, 36.) Plaintiff Daniel Fitzgerald further alleges that Defendants are liable for damages arising from his loss of his wife's "services, society and consortium" due to her injuries stemming from the implantation of the ASR™ Hip Systems. (*Id.*, ¶¶ 51-52.)

11.     Collectively, Plaintiffs' allegations of "permanent personal injuries" and deprivation of "services, society and companionship" and the allegation that for each of their four separate causes of action Plaintiffs are entitled to "pecuniary damages, medical, hospital, rehabilitative and other expenses, and diminution of current and future earning capacity" "that exceed jurisdictional limits of all lower [New York State] courts" establish that the amount in controversy is satisfied. *See, e.g.*, Complaint ¶¶ 36-37. There is "a rebuttable presumption that the amount of damages alleged in the complaint is a good faith representation of the amount in controversy." *Fernandez v. Hale Trailer Brake & Wheel*, 332 F. Supp. 2d 621, 625 (S.D.N.Y. 2004) (citing *Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 397 (2d Cir. 2003)). As such, although Defendants deny any liability to Plaintiffs, a reasonable reading of Plaintiffs' allegations and request for damages plainly places more than $75,000 in controversy, exclusive of interests and costs.

**C.     The Other Prerequisites For Removal Have Been Satisfied**

12.     In addition to satisfying the requirements of diversity jurisdiction, Defendants have satisfied all other requirements for removal.

13.     Removal is timely because less than 30 days have passed since service of the Summons and Complaint on Defendants on February 11, 2011.  28 U.S.C. § 1446(b).

14.     Venue for removal is proper in this district and division under 28 U.S.C. § 81(c)(2) because this district and division embrace the Supreme Court of the State of New York, County of New York, the forum in which the removed action was pending.

15.     In accordance with 28 U.S.C. § 1446(d), Defendants will promptly provide written notice of the filing of this Notice of Removal to Plaintiffs and shall file a copy of this Notice along with a Notice of Filing of Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York, where this action currently is pending.

WHEREFORE, Defendants request that the above action now pending against them in the Supreme Court of the State of New York, County of New York, be removed therefrom to this Court.

Dated:     March 1, 2011

Respectfully submitted,

PATTERSON BELKNAP WEBB & TYLER LLP

By: _____
John D. Winter (JW 3252)
A Member of the Firm
Attorneys for Defendants
DePuy Orthopaedics, Inc., and
Johnson & Johnson Services, Inc.
1133 Avenue of the Americas
New York, New York  10036-6710
Telephone:  (212) 336-2000
jwinter@pbwt.com

TO:    Jonathan C. Reiter, Esq.
        LAW FIRM OF JONATHAN C. REITER
        350 Fifth Avenue, Suite 2811
        New York, NY 10118
        Telephone: 212-736-0979

# Exhibit A

 **CT Corporation**

**Service of Process Transmittal**
02/11/2011
CT Log Number 518023907

**TO:**    Joe Braunreuther
Johnson & Johnson
1 Johnson & Johnson Plaza
New Brunswick, NJ 08933

**RE:**    **Process Served in New York**

**FOR:**   Depuy Orthopaedics, Inc. (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Susan Fitzgerald and Daniel Fitzgerald, Pltf. vs. Depuy Orthopaedics, Inc. and Johnson & Johnson Services, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Verified Complaint, Verification |
| **COURT/AGENCY:** | New York County: Supreme Court, NY |
| | Case # 116780/2010 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - ARS Hip System |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/11/2011 at 12:45 |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after the service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Jonathan C. Reiter |
| | Law Firm of Jonathan C. Reiter |
| | 350 Fifth Avenue, Suite 2811 |
| | New York, NY 10118 |
| | (212) 736-0979 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex Priority Overnight , 794417459311 |
| | Image SOP |
| | Email Notification, Karen McAndrews kmcandre@its.jnj.com |
| | Email Notification, Stephanie Youngman SYoungma@its.jnj.com |
| | Email Notification, Michele Bacorn mbacom@its.jnj.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Christopher Tilton |
| **ADDRESS:** | 111 Eighth Avenue |
| | New York, NY 10011 |
| **TELEPHONE:** | 212-5909070 |

Page 1 of  1 / PK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------x

SUSAN FITZGERALD and DANIEL FITZGERALD,

                               Plaintiffs,

         -against-

DEPUY ORTHOPAEDICS, INC., and,
JOHNSON & JOHNSON SERVICES, INC.

                          Defendants.

-----------------------------------------------------------------x

Index No.: 116.780 / 2010
Date Filed: December 30, 2010

**SUMMONS**

**Plaintiffs designate New York
County as the place of Trial.**

**The basis of venue is Defendants'
place of business.**

To the above named defendants:

     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a

copy of your answer on the Plaintiffs' Attorney within 20 days after the service of this summons,

exclusive of the day of service, or within 30 days after the service is complete if this summons is

not personally delivered to you within the State of New York and in case of your failure to appear

or answer, judgment will be taken by default for the relief demanded in the complaint.

                    Yours, etc.

                    LAW FIRM OF JONATHAN C. REITER

                    JONATHAN C. REITER
                    Attorneys for Plaintiffs
                    350 Fifth Avenue, Suite 2811
                    New York, New York 10118
                    (212) 736-0979

**Defendants Addresses**
DEPUY ORTHOPAEDICS, INC.
c/o CT Corporation System
111 Eighth Avenue
New York, New York 10011

JOHNSON & JOHNSON SERVICES, INC.
One Johnson & Johnson Plaza
New Brunswick, New Jersey 08933

NEW YORK
COUNTY CLERK'S OFFICE

DEC 30 2010

NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
...................................................................x
SUSAN FITZGERALD and DANIEL FITZGERALD,

                            Plaintiffs,                        VERIFIED COMPLAINT

              against                             Index No.

DEPUY ORTHOPAEDICS, INC., and
JOHNSON & JOHNSON SERVICES, INC.

                            Defendants.
...................................................................x

        Plaintiffs, by their attorneys, the LAW FIRM OF JONATHAN C. REITER, complaining

of the defendants, respectfully allege as follows:

        1.       The defendant, DEPUY ORTHOPAEDICS, INC., (hereinafter DEPUY) is a

foreign corporation organized and existing under the laws of the State of Indiana, with its

principal place of business in Warsaw, Indiana.

        2.       Upon information and belief, the defendant DEPUY is authorized to do business

in the State of New York and has designated CT Corporation as its agent for service, located at

111 Eighth Avenue, New York, New York 10011.

        3.       Upon information and belief, at all times hereinafter mentioned and at the time of

the occurrences herein, the defendant, DEPUY, its agents, servants, employees, divisions and/or

subsidiaries were transacting business in the State of New York.

        4.       That at all times hereinafter mentioned and at the time of the occurrences herein,

the defendant, DEPUY, its agents, servants, employees, divisions and/or subsidiaries contracted

either within or without the State of New York to supply goods or services in the State of New

York.

1

5.      Upon information and belief, defendant JOHNSON & JOHNSON SERVICES, INC. (hereinafter JOHNSON) is a foreign corporation organized and existing under the laws of the State of New Jersey having its principal place of business at One Johnson & Johnson Plaza, New Brunswick, New Jersey 08933.

6.      Upon information and belief, the defendant DEPUY is a wholly owned division or subsidiary of JOHNSON.

7.      Upon information and belief, DEPUY is controlled and operated by JOHNSON.

8.      Upon information and belief, DEPUY is an agent of JOHNSON.

9.      Upon information and belief, at all times hereinafter mentioned and at the time of the occurrences herein, the defendant, JOHNSON, its agents, servants, employees, divisions and/or subsidiaries were transacting business in the State of New York.

10.     That at all times hereinafter mentioned and at the time of the occurrences herein, the defendant, JOHNSON, its agents, servants, employees, divisions and/or subsidiaries contracted either within or without the State of New York to supply goods or services in the State of New York.

11.     Plaintiffs are residents of the State of New York.

12.     That heretofore, and at all times hereinafter mentioned and at the time of the occurrences herein, the defendants DEPUY and JOHNSON, their agents, servants, employees, divisions and/or subsidiaries were engaged in the business of designing, manufacturing, advertising, selling and distributing hip replacement devices and components for use by physicians, including the ASR hip replacement system (hereinafter "ASR")

13.     That heretofore and prior to the occurrence herein, the defendants DEPUY and JOHNSON, their agents, servants, employees, divisions and/or subsidiaries, had designed,

2

manufactured and sold the subject products, knowing and intending that they would be used in the State of New York.

14.    That at all times hereinafter mentioned and at the time of the occurrences herein, the defendants, DEPUY AND JOHNSON, their agents, servants, employees, divisions and/or subsidiaries committed tortious acts outside the State of New York that caused injury in the State to plaintiff, a resident of the State of New York, and defendants regularly did or solicited business, or engaged in a persistent course of conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York, and defendants expected or should reasonably have expected the acts to have consequences in the state and derived substantial revenue from interstate or international commerce.

15.    On March 27, 2007, plaintiff underwent hip replacement surgery in which the ASR was implanted bilaterally.

16.    Commencing on or about July 2007, plaintiff suffered multiple dislocations of the right hip.

17.    On or about September 14, 2007, plaintiff underwent surgery for recurrent instability of the right hip, described as extensive synovectomy with excision of heterotopic ossification.

18.    On or about September 28, 2007, plaintiff underwent surgery for a draining right hip wound described as irrigation, debridement and closure of right hip wound.

19.    On or about November 16, 2007, plaintiff underwent surgery for an infected right total hip described as revision of right total hip. Upon information and belief, some or all of the the ASR components were removed and replaced with Prostalac components.

3

20.     On or about December 19, 2007, plaintiff underwent closed reduction of right total hip dislocation.

21.     On or about December 24, 2007, plaintiff underwent surgery described as revision of right total hip. During this surgery, DEPUY Pinnacle Components were utilized.

22.     On or about January 7, 2008, plaintiff experienced dislocation of the left hip and underwent closed reduction of the left hip.

23.     Thereafter, plaintiff suffered additional dislocations of the left hip.

24.     On or about January 22, 2008, plaintiff underwent surgery for instability of the left total hip, described as revision of the left total hip. During this surgery, the DEPUY ASR was replaced with DEPUY Pinnacle components.

25.     On or about November 8, 2010, plaintiff received a letter from Nicholas N. Panselinas, a Claims Examiner at "Broadspire" advising *inter alia* that DEPUY was recalling the ASR hip replacement, and that plaintiff had an ASR hip replacement.

26.     Prior to this notification on November 8, 2010, plaintiff had no knowledge that she had ASR hip replacements or that such hip replacements were defective.

27.     This notification of November 8, 2010 contained material misrepresentations of fact, including inter alia the statement that "A *small* number of patients with the hip implant you received have experienced problems that require additional care and potentially further treatment... For this reason, DePuy Orthopedics, Inc. the maker of your hip, has advised that they are recalling the ASR Hip System an recommending that patients be evaluated." The foregoing statement was materially false in that DEPUY had actual knowledge of the large numbers of serious medical problems experienced by patients due to the defective and dangerous nature of the ARS system.

4

28.     Prior to this notification on November 8, 2010, technical, scientific or medical knowledge and information sufficient to ascertain the cause of her injuries had not been discovered, identified or determined by the plaintiff.

29.     That prior to on or about November 8, 2010, the defendants DEPUY and JOHNSON had intentionally and deliberately concealed the defective and dangerous nature of the ARS system and its components from the plaintiff and others, despite their own knowledge of the defective and dangerous nature of the product.

30.     That defendants' fraudulent concealment of the true facts about the ARS system prevented plaintiff from discovering the cause of her injuries for a prolonged period of time or from commencing an action at an earlier time.

## AS AND FOR A FIRST CAUSE OF ACTION BASED UPON STRICT PRODUCT LIABILITY

31.     Plaintiff repeats and reiterates all the previous allegations of the complaint.

32.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the aforestated paragraphs of this complaint, with the same force and effect as if fully set forth herein at length.

33.     That on March 27, 2007 and prior thereto at the time of its design, manufacture, distribution and sale, the ASR components designed, manufactured and distributed by defendants DEPUY and JOHNSON, their agents, servants, employees, divisions and/or subsidiaries, were defective and unreasonably dangerous.

34.     That the subject ASR was by its improper design, construction, assembly, manufacture and sale, inherently defective and dangerous, unfit for its intended use and posed an unreasonable and foreseeable risk of harm to users thereof; that the said device was unreasonably dangerous and defective by reason of the improper design, manufacture, assembly and sale of

5

various parts and appurtenances thereof, and that said device failed to operate properly during its intended uses in violation of accepted engineering, safety and industry standards; causing a hazard and an unreasonable danger to persons using the device; by reason of the failure of defendant to design, manufacture, assemble and sell a hip replacement system that was reasonably safe, having due regard for the use intended and any foreseeable misuse of the product; that the defendant had actual and constructive knowledge of feasible alternatives to the aforesaid defective design and knowingly marketed the subject product; that the subject product was defective and unreasonably dangerous by reason of the failure of defendants, and each of them, to provide adequate warnings; that the subject product was otherwise defective and unreasonably dangerous by reason of the failure of the defendants to timely recall, remedy, re-design, advise or warn users of the aforedescribed defects and hazards.

35.     That by reason of the foregoing, the defendants DEPUY and JOHNSON are liable to the plaintiff in that the subject ARS system and components was not reasonably fit, suitable and safe for its intended use in that it deviated from the design specifications, formulae and performance, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae; that it failed to contain adequate warning or instructions; failed to meet the reasonable expectations of the user; and was designed in a defective manner.

36.     That by reason of the defective and unreasonably dangerous nature of the subject product, the plaintiff, SUSAN FITZGERALD was proximately caused to suffer grievous and permanent personal injuries, aggravation, exacerbation and worsening of pre-existing conditions, pain, suffering and loss of enjoyment of life, incurred pecuniary damages, medical, hospital, rehabilitative and other expenses, and diminution of current and future earning capacity.

37.     That by reason of the foregoing, the defendants DEPUY and JOHNSON are liable to the plaintiff in an amount that exceeds the jurisdictional limits of all lower courts.

### AS AND FOR A SECOND CAUSE OF ACTION BASED UPON NEGLIGENCE

38.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the aforestated paragraphs of this complaint, as if fully set forth herein at length.

39.     That upon information and belief, prior to March 27, 2006 and continuing thereafter, the defendants DEPUY and JOHNSON, their agents, servants, employees, divisions and/or subsidiaries were aware of and had actual and/or constructive notice of the defective condition and defective nature of the ARS system and components and its instructions and warnings if any.

40.     The unreasonably unsafe condition of the subject ASR system and the injuries sustained by plaintiff were caused by the negligence, recklessness and carelessness of the defendants, their agents, servants, employees, divisions and/or subsidiaries, in that they negligently, recklessly and carelessly manufactured, designed, assembled, inspected, tested, distributed, sold, serviced, maintained and/or repaired the subject device and its component parts and systems, and negligently, recklessly and carelessly failed to warn of the dangers of the device and its components through the instructions and warnings for the subject device and its component parts and systems, including, but not limited to, its manual, maintenance manual, maintenance instructions and service bulletins; that the defendant ignored and/or departed from industry standards and negligently utilized antiquated, outmoded and unsafe standards, codes or directives, which it knew or should have known were improper, and needlessly exposed persons using the device to undue and excessive risk of severe physical injury; in failing to recall,

7

refurbish and replace dangerous and hazardous materials, components and systems; and the defendants were otherwise negligent, and plaintiff relies upon the doctrine of res ipsa loquitur.

41.     That the defendants, DEPUY and JOHNSON, including their officers, agents, servants and employees, acted with willful misconduct, gross negligence and reckless disregard for the safety of the plaintiff and others; that the said defendant willfully, wantonly, knowingly and with reckless disregard for the safety of the public, including the plaintiff, marketed and sold a product which was unreasonably dangerous and unfit; that the defendant intentionally made, published and disseminated false and misleading claims, statements regarding the product to induce the use of such product; that such false and misleading statements were intentionally calculated and designed to create a false expectation as to the capabilities of the product; that the defendants willfully wantonly and with total disregard for the safety of the public including the plaintiff herein,  failed to conduct adequate testing of the product; that the defendants willfully wantonly and with total disregard for the safety of the public, including the plaintiff herein, acted with actual and constructive knowledge of its own wrongdoing, gross negligence and reckless disregard for the safety of public, including the plaintiff herein; that the defendants willfully and fraudulently concealed large numbers of product failures; that by reason of the foregoing, and proximately resulting therefrom, the plaintiff was injured and damaged as aforesaid.

42.     That by reason of the aforesaid occurrence, proximately resulting from the defective and unreasonably dangerous product as aforesaid, the plaintiff suffered grievous and permanent personal injuries, pain, suffering and loss of enjoyment of life, aggravation, exacerbation and worsening of pre-existing conditions, incurred pecuniary damages, medical, hospital, rehabilitative and other expenses, and diminution of current and future earning capacity.

43.     That by reason of the foregoing, the defendants are liable to the plaintiff in an amount that exceeds the jurisdictional limits of all lower courts.

## AS AND FOR A THIRD CAUSE OF ACTION BASED ON BREACH OF IMPLIED WARRANTY

44.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the aforestated paragraphs of this complaint, as if fully set forth herein at length.

45.     Prior to March 27, 2007, the defendants, DEPUY and JOHNSON, their agents, servants, employees, divisions and/or subsidiaries impliedly warranted that the subject ASR system, devices and components were of merchantable quality, fit and safe for the purpose for which it was manufactured, designed, assembled distributed, sold, intended and used, and defendants further warranted that the subject device, its systems, components and the equipment of the subject device were free from all defects.

46.     The failure of the subject ARS to properly operate and the unreasonably hazardous condition created as a result thereof and the injuries sustained by plaintiff was caused by the breach of the aforementioned warranties by the defendants.

47.     That by reason of the aforesaid occurrence, proximately resulting from the defective and unreasonably dangerous product as aforesaid, the plaintiff suffered grievous and permanent personal injuries, pain, suffering and loss of enjoyment of life, aggravation, exacerbation and worsening of pre-existing conditions incurred pecuniary damages, medical, hospital, rehabilitative and other expenses, and diminution of current and future earning capacity.

48.     That by reason of the foregoing, the defendants are liable to the plaintiff in an amount that exceeds the jurisdictional limits of all lower courts.

## AS AND FOR A FOURTH CAUSE OF ACTION OF LOSS OF SERVICES ON BEHALF OF PLAINTIFF DANIEL FITZGERALD

49.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the aforestated paragraphs of this complaint, as if fully set forth herein at length.

50.     At all times hereinafter mentioned and at the time of the occurrences herein and at the present time, the plaintiff DANIEL FITZGERALD was and is the husband of plaintiff SUSAN FITZGERALD, and the two of them cohabited together as husband and wife.

51.     That by reason of the negligence and malpractice of the defendants, the plaintiff, DANIEL FITZGERALD had been deprived of the services, society and consortium of his wife.

52.     That by reason of the foregoing, plaintiff, DANIEL FITZGERALD, demands all damages permitted by law in an amount that exceeds the jurisdiction of all lower courts.

**WHEREFORE**, plaintiffs SUSAN FITZGERALD and DANIEL FITZGERALD demand compensatory and punitive damages against each of the defendants DEPUY ORTHOPAEDICS, INC., and JOHNSON & JOHNSON SERVICES, INC in an amount that exceeds the jurisdiction of all lower courts, together with interest, costs and disbursements.

**LAW FIRM OF JONATHAN C. REITER**

By: _____

JONATHAN C. REITER
Attorneys for Plaintiff(s)
350 Fifth Avenue, Suite 2811
New York, New York 10118
Tel.: 212-736-0979

10

## ATTORNEY'S VERIFICATION

JONATHAN C. REITER, an attorney at law, duly admitted to practice in the Courts of this State, affirms under the penalties of perjury that:

He is a member of the LAW FIRM OF JONATHAN C. REITER, attorneys for the plaintiff in the above-entitled action. That he has read the foregoing COMPLAINT and knows the contents thereof, and upon information and belief, deponent believes the matters alleged therein to be true.

The reason this Verification is made by deponent and not by the plaintiff is that the plaintiff herein is not within the County where plaintiff's attorneys maintain their office.

The source of deponent's information and the grounds of this belief are records, communications, papers, reports and investigations contained in the file.

Dated  New York, New York
       December 30, 2010

_____
JONATHAN C. REITER

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

SUSAN FITZGERALD and DANIEL FITZGERALD

                                Plaintiff,

      -against-

DEPUY ORTHOPAEDICS, INC., and
JOHNSON & JOHNSON SERVICES, INC.

                              Defendant.

---

## SUMMONS AND COMPLAINT

---

**LAW FIRM OF JONATHAN C. REITER**
**Attorney for Plaintiff**
**350 Fifth Avenue, Suite 2811**
**New York, New York 10118**
**(212) 736-0979**